**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| Gary Phillip Brogdon, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 0:02-0483-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Charles Condon, | ) | |
| Attorney General for the State of | ) | |
| South Carolina | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

In May, 1982, the Berkeley County Grand Jury charged the petitioner with kidnapping, assault with a deadly weapon, and criminal sexual conduct. In November, 1982, the Berkeley County Grand Jury charged the petitioner in a second indictment with kidnapping and aggravated assault and battery. On November 9, 1982, a jury acquitted the petitioner of the charges contained in the first indictment but convicted the petitioner of the kidnapping and aggravated assault charges found in the second indictment. On November 30, 1983, the South Carolina Supreme Court affirmed the conviction.

On June 19, 1996, the petitioner filed an application for Post Conviction Relief (PCR) in state court. On October 22, 1998, the application was denied, and the petitioner appealed. The South Carolina Supreme Court denied certiorari and remitted the action on February 27, 2001.

On February 21, 2002, pursuant to 28 U.S.C. § 2254, the petitioner commenced this pro se action attacking his state court conviction. The respondents filed a motion for summary judgment on August 1, 2005, claiming that the statute of limitations barred this action. On August 2, 2005, the Court issued a Roseboro order advising the petitioner of summary judgment

dismissal procedure and informing the petitioner that he must adequately respond within 34 days of the date of the order. On October 7, 2005, the petitioner responded.

On October 19, 2005, Magistrate Judge Bristow Marchant issued a report analyzing the issues and recommending dismissing the action as untimely. On November 3, 2005, the petitioner filed objections to the report and recommendation. This matter is now ready for disposition.

On April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d) took effect as a statute of limitations for federal *habeas corpus* relief:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute of limitations began running on April 24, 1996. Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000); see also Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). The limitations period, however, was tolled when the petitioner filed his application for PCR on

June 19, 1996.  The South Carolina Supreme Court remitted the PCR action on February 27, 2001.  As a result, the statute of limitations began running again on February 27, 2001.  Harris, 209 F.3d at 328.

The petitioner filed this action on February 21, 2002.  The amount of time between the enactment of section 2244 on April 24, 1996, and when the limitations period was tolled on June 19, 1996, and the time between the date when the PCR action was dismissed on February 27, 2001 and the date when the petitioner filed this action, February 21, 2002, totals 415 days, violating the one-year statute of limitations set forth in section 2244.

The petitioner contends that appellate counsel, who represented him during the PCR appeal, advised the petitioner that he had one year from the date the South Carolina Supreme Court remitted his PCR application.  Equitable tolling is available only in rare instances where circumstances external to the party's own conduct cause the application of the statute of limitations to be unconscionable and a gross injustice would result.  Harris, 209 F.3d at 331; see also Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).  A time-barred petitioner, therefore, must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.  "[A] mistake by a party's counsel in interpreting a statute of limitations does not present extraordinary circumstances beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." Harris, 209 F.3d at 331.

This action has been filed outside the one-year limitation period provided in 28 U.S.C. § 2244(d)(1).  Accordingly, the Court adopts the report and recommendation and dismisses this action with prejudice.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

January 24, 2006
Charleston, South Carolina